# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**GARRY DAVID GALLARDO,**

      Plaintiff,

v.                                  **Civil Action No.  5:21-cv-134**
                                        Judge Bailey

**LIEUTENANT B. KINDER, et al.,**

      Defendants.

## REPORT AND RECOMMENDATION

On August 5, 2021, the plaintiff, a federal inmate incarcerated at FCI Hazelton, filed this civil rights action *pro se* pursuant to Bivens v. Six. In addition, the plaintiff filed a Motion for Leave to proceed *in forma* pauperis, together with a prisoner trust account report and a consent to collection.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); **see also, Ashley v. E. Dilworth**, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").

1

Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 Fed 3d 1234, 1237 (11th Cir. 2002); **see also Finley v. Doe**, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1] **See Gallardo v. Warden Spears**, No. 2:93-CV-00030 (S.D. Tex. June 10, 1994) (*Bivens* Complaint dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d)); **Gallardo v. Warden Killinger, et al.,** No. 4:95-cv-906 (N.D. Tex. April 2, 1996) (Civil rights complaint dismissed for failure to state a claim); **Gallardo v. Wilson County Jail**, No. SA-04-CA-00994-OG (W.D, Tex. Nov. 10, 2004) (Civil rights complaint dismissed for failure to state a claim); **Gallardo v. Lappin**, No. 04-0921 (GK) (D.D.C. Jan. 7, 2005) (Defendant's motion to dismiss for failure to state a claim granted); **Gallardo v. Miller**, SA-08-MC-0310-OLD (W.D. Tex. April 28, 2008) (*Bivens* case dismissed as frivolous).

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical

---

[1] The undersigned acknowledges that the Fourth Circuit's position previously was that a dismissal without prejudice did not count as a strike. See McClean v, United States, 566 F.3d 291(2008). However, that position has been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marquez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's prior cases were dismissed with or without prejudice, they count as strikes.

injury. **See** 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. **See Johnson v. Warner**, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff has filed a complaint alleging on August 2, 2019, defendants Stover and Wallace confiscated his personal notebooks from his legal folder and falsely accused him of possessing unauthorized child porn websites. Based on these alleged erroneous allegations, the plaintiff alleged that Lieutenant Kinder took what little freedom he had to associate with the general population by placing him in the Special Housing Unit ("SHU"). With respect to defendant VanDevender, the plaintiff alleges that he violated his constitutional right to possess writings, no matter how repulsive, that are the product of the imagination and should be protected by the First Amendment. With respect to defendant Gyurke, the Disciplinary Hearing Office ("DHO"), the plaintiff alleges his violated his rights in conducting the disciplinary hearing in a way that constitutes defamation of character and libel. Finally, the plaintiff alleges that the findings of both the regional and central office during the administrative remedy process gives further credence to the unconstitutionality of the DHO results and the upholding of the loss of good conduct time and other restrictions constituting cruel and unusual punishment. For relief, he is seeking declaratory judgment invalidating the sham DHO hearing incident report and an award of compensatory and punitive damages.

Upon thorough review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. The unconstitutional conduct alleged in the plaintiff's complaint does not allege any immediate danger of serious physical injury.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and his pending Motion **[Doc. 2]** be **DENIED** and his pending Motion for Leave to File Excess Pages **[Doc. 5]** and Motion for Leave to File Memorandum of Points and Authorities in Support **[Doc. 6]** be **DENIED AS MOOT**. The undersigned further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $402 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989);

*Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

    The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 10, 2021

                                                  */s/ James P. Mazzone*
                                                JAMES P. MAZZONE
                                                UNITED STATES MAGISTRATE JUDGE